UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALLISON COSTAKIS, on her
own behalf and others similarly situated,

    Plaintiff,

v.    CASE NO.: 1-08-cv-195 SPM/AK

H.C. HEALTHCARE, INC., a Florida
Corporation d/b/a TRINITY COMMUNITY
HOSPITAL, and ROBERT KRASNOW, JR.,
Individually

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

1. Plaintiff, ALLISON COSTAKIS ("Plaintiff"), was an employee of Defendants, H.C. HEALTHCARE, INC. d/b/a TRINITY COMMUNITY HOSPITAL ("TRINITY") and ROBERT KRASNOW, JR., individually, (collectively "Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was an hourly paid babysitter and performed related activities for Defendants in Alachua County, Florida.

2. Defendant, TRINITY, is a Florida corporation that operates and conducts business in, among others, Alachua County, Florida, and is therefore, within the jurisdiction of this Court.

3. At all times relevant to this action, ROBERT KRASNOW, JR. is an individual resident of the State of Florida, who owned and operated TRINITY COMMUNITY HOSPITAL., and who regularly exercised the authority to: (a) hire and fire employees of TRINITY COMMUNITY HOSPITAL, INC.; (b) determine the work schedules for the employees of

*Summons issued on 9/10/08  KM*

TRINITY COMMUNITY HOSPITAL.; and (c) control the finances and operations of TRINITY COMMUNITY HOSPITAL. By virtue of having regularly exercised that authority on behalf of TRINITY COMMUNITY HOSPITAL., ROBERT KRASNOW, JR. was an employer as defined by 29 U.S.C. 201 *et. seq.*

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid babysitter who worked for the Defendants at any time within the past three (3) years within the State of Florida.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

6. At all material times relevant to this action, Defendant, TRINITY, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants.

7. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty (40) within a work week.

8. During their employment with Defendants, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to her, are in the possession and custody of Defendants.

## RECOVERY OF OVERTIME COMPENSATION

10. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9 above.

11. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendants, Plaintiff, and those similarly situated to her, regularly worked overtime hours but were not paid time and one half compensation for same.

12. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

14. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants, jointly and severally, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this

DATED this 13th day of August 2008.

_____
Kelly Amritt
FL Bar No.: 648779
Trial Counsel for Plaintiff
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: kamritt@forthepeople.com

Trial Counsel for Plaintiffs